IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Allyson T. Hinson, ) | C/A No.: 8:10-1211-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Allyson T. Hinson, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g*., *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this

1

it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The claimant was 40 years of age on the alleged onset date. She has an associate's degree in x-ray technology. Her past work experience was as an x-ray technician. Plaintiff applied for DIB in 2006, alleging disability since February 22, 2005 due to coronary artery disease, lumbosacral facet osteoarthritis, depression, anxiety, and other medical conditions. Plaintiff's claims were denied. The plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held on December 10, 2008. The ALJ thereafter denied plaintiff's claims in a decision issued March 11, 2009. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court. In her filings with the District Court, Plaintiff asserted that the ALJ improperly evaluated the testimony of the plaintiff's treating physician. She also asserted that the ALJ did not perform a proper "combined effect" analysis and that the Appeals Council failed to properly consider the new and material evidence presented by the plaintiff.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The

burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1561; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.
2. The claimant has not engaged in substantial gainful activity since February 22, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
* * *
3. The claimant has the following severe impairments: coronary artery disease, lumbosacral facet osteoarthritis, depression, and anxiety (20 CFR 404.1521 *et seq.*).
* * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
* * *
5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a significant range of unskilled sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant is able to lift 10 pounds occasionally and lesser amounts frequently; sit for 6 hours in an 8-hour day; stand and/or walk for 2 hours in an 8-hour day; and occasionally climb stairs, stoop, kneel, crouch, crawl, and balance. The claimant is to avoid hazards and extreme hot and cold situations; cannot climb ropes, scaffolds, or ladders; and cannot climb ropes, scaffolds, or ladders; and can occasionally climb stairs, stoop, kneel, crouch, crawl and balance.
* * *
6. As a result of her residual functional capacity as described above, the claimant is unable to perform any past relevant work (20 CFR 404.1565).
* * *
7. The claimant was born on March 17, 1964, and was 40 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563).
8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and
residual functional capacity, there are jobs that exist in significant
numbers in the national economy that the claimant can perform (20
CFR 404.1569 and 404.1569a).
* * *
11. The claimant has not been under a disability, as defined in the Social
Security Act, from February 22, 2005 through the date of this decision (20
CFR 404.1520(g).
(Tr. 11-22.)

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On April 15, 2011, Magistrate Jacqueline D. Austin filed a report and recommendation ("R&R") finding that the weight afforded the opinion of the treating physician by the ALJ is supported by substantial evidence and finding that the ALJ's elimination of diabetes and insomnia as evidence of disability should be affirmed. However, she suggested that the action should be remanded for an evaluation by the ALJ of the plaintiff's combined impairments. She further found that the Appeals Council should have either included its reasons for its decision or remanded the case to the ALJ for consideration of the new evidence. The defendant timely filed objections to the R&R on May 2, 2011. The plaintiff has not filed any objections to the Report.[1]

> The magistrate judge makes only a recommendation to the Court, to
> which any party may file written objections . . . . The Court is not
> bound by the recommendation of the magistrate judge but, instead,
> retains responsibility for the final determination. The Court is
> required to make a *de novo* determination of those portions of the
> report or specified findings or recommendation as to which an
> objections is made. However, the Court is not required to review,
> under a *de novo* or any other standard, the factual report and
> recommendation to which no objections are addressed. While the
> level of scrutiny entailed by the Court's review of the Report thus
> depends on whether or not objections have been filed, in either case,

---

[1] Because the plaintiff has not filed any objections to the Report, the Court has not reviewed (except for clear error) the magistrate's recommendations regarding the weight given to the treating physician, Dr. Hickman, and regarding the plaintiff's diabetes and insomnia.

5

>the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## Combined Effect Analysis

Defendant argues that "the magistrate judge misses what is the Commissioner's larger point: that the ALJ's discussion of Plantiff's symptoms shows he was considering every credible effect of all Plaintiff's impairments." (Objections, p. 3). The ALJ found that the plaintiff had four severe impairments (coronary artery disease, lumbosacral facet osteoarthritis, depression, and anxiety) and five non-severe impairments (sleep apnea, a limb disorder, diabetes mellitus, hypertension, and a vision disorder). He stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. p. 15). He then reviewed the claimant's testimony but found that "many of the claimant's assertions at her hearing are unsupported by the medical evidence of record." (Tr. p. 16). He then analyzed separately the medical records regarding the plaintiff's coronary artery disease, lumbosacral facet arthritis, depression, and anxiety and found that each of these conditions was stable. However, he does not analyze the effect of all of the claimant's combined impairments.

In *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989), the Fourth Circuit explained:

>Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe, 42 U.S.C. § 423(d)(2)(c) . . . Therefore, a failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award . . . It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating (the effect of) various impairments

> upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments. In this case, the ALJ did not comply with these requirements and the claimant is entitled to have his claim remanded for proper consideration.

The Court agrees with the plaintiff that the ALJ's decision did not make sufficient findings regarding the combination of his impairments for the Court to review those findings. Therefore, the case is remanded for the Commissioner to properly evaluate the combination of impairments, as argued by the plaintiff.

**Appeals Council Action on New Evidence**

The Appeals Council accepted new evidence entitled "Attorney Contentions from David Bornhourst, Esq. dated April 6, 2009". (Tr. p. 5) The three-page letter from counsel enclosed three additional medical records, the admission record from Plaintiff's May 2008 visit to Roper Hospital, a written report describing her September 2008 CT scan, and a letter from Dr. Boatwright (ophthalmologist) to Dr. Hickman describing Plaintiff's September 2007 visit to Dr. Boatwright's office. (Tr. p. 161- 167) The Appeals Council denied the plaintiff's appeal, stating generally that it had reviewed the plaintiff's evidence and that it "does not provide a basis for changing the Administrative Law Judge's decision." (Tr. p. 2)

The Magistrate Judge recommended a finding that the Appeals Council should have provided reasoning for its decision and an explanation for its conclusion that no additional administrative action was needed. In doing so, the Magistrate Judge adopted the reasoning of the majority of district judges in South Carolina as well as a panel of the Fourth Circuit Court of Appeals in an unpublished decision. *See Jackson v. Astrue*, No. 0:08-cv-579, 2009 WL 1181178, at *5 (D.S.C. May 1, 2009) and *Thomas v. Comm'r*, 24 F.App'x 158, 162 (4th Cir. 2001). Two other

panels of the Fourth Circuit have ruled to the contrary that it is not necessary for the Appeals Council to give reasons for finding that new evidence does not warrant a change in the ALJ's decision. *Hollar v. Comm'r*, No. 98-2748, 1999 U.S. App. LEXIS 23121, at *3-4 (4th Cir. Sept. 23, 1999); *Freeman v. Halter*, 15 F.App'x 87,89 (4th Cir. 2001).

Because the Court is remanding the case for further findings regarding the plaintiff's combination of impairments, the issue of whether the Appeals Council should have provided reasons for its decision is moot. Therefore, the Court will not address the issue of whether the Appeals Council must provide reasons for its decision regarding the new evidence.[2]

### **Conclusion**

For the foregoing reasons, the Court respectfully overrules all objections and adopts the recommendation of the Magistrate Judge. The action is remanded to the Commissioner to properly evaluate the combined effect of the plaintiff's impairments. On remand, the ALJ shall also consider the new evidence which was submitted to the Appeals Council.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

---

[2] The Commissioner has also requested this Court to hold its decision in abeyance pending the ruling by the Fourth Circuit on these issues in *Meyer v. Astrue*, No. 10-1581, which is scheduled for oral argument in October, 2011. The Court declines to stay this action and further delay the proceedings. It is unknown at this time whether a review of the matter by the Appeals Council will be needed or whether any further new evidence will be submitted to the Appeals Council.

**IT IS SO ORDERED**.

s/R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

August 23, 2011
Florence, South Carolina